**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name STELLY          PAUL          E.
     (Last)          (First)       (Initial)

Prisoner Number F86444

Institutional Address SAN QUENTIN STATE PRISON · SAN QUENTIN, CA. 94974

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

PAUL ERIAS STELLY SR.
(Enter the full name of plaintiff in this action.)

vs.

ELAINE TOOTELL, M.D.
LARRY DIZMAN, M.D
E. MONTHEI, Ph.D
TIMOTHY ROUGEUX, RECEIVER MANAGER
(Enter the full name of the defendant(s) in this action)

Case No. CV 08 1997
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
Title 42 U.S.C § 1983

E-filing

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies.

[Note: You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A.   Place of present confinement SAN QUENTIN STATE PRISON

B.   Is there a grievance procedure in this institution?

     YES (X)      NO ( )

C.   Did you present the facts in your complaint for review through the grievance procedure?

     YES (X)      NO ( )

D.   If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

COMPLAINT                              - 1 -

1  ELAINE TOOTELL, M.D. • CHIEF MEDICAL OFFICER • SAN QUENTIN STATE PRISON
2  LARRY DIZMAN, M.D. • HEAD OF PSYCHIATRICS • SAN QUENTIN STATE PRISON
3  E. MONTHEI, Ph.D. • HEAD OF MENTAL HEALTH / CHIEF PSYCHOLOGIST • SAN QUENTIN STATE PRISON
4  TIMOTHY ROUGEUX, PROGRAM MANAGER FOR RECEIVER • SAN QUENTIN STATE PRISON

III.  Statement of Claim.

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

— SEE TYPED ATTACHMENT(S) —

IV.  Relief.

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

① INJUNCTIVE RELIEF DIRECTING ABOVE NAMED STAFF TO PROVIDE PSYCHIATRIC AND MEDICAL TREATMENT. ② COST OF RESEARCH OR LITIGATION. ③ COMPENSATORY AND PUNITIVE DAMAGES IN THE AMOUNT TO BE DETERMINED BY THE COURT.

COMPLAINT                                           - 3 -

I

Since February 2008, Elaine Tootell - Chief Medical Officer at San Quentin Prison has shown an indifference to my serious health care needs, as she failed to acknowledge receipt of, or act upon denials to (and oversee the processing of) numerous requests I've submitted, to have mental health personnel conduct a Psychiatric Assessment to determine the degree of my reoccurring and severe bouts of depression. I have also requested that Chief Medical Officer Tootell overrule medical personnel's plans to discontinue seizure medications that control or prevent my seizure related episodes. My requests were sent via Inmate Health Care Services Request Forms and Inmate Appeal Forms (602's) directly to staff under her supervision, with her full knowledge.

Her omission to act has caused a prolonged escalation in the frequency and severity of my condition(s). Such indifference was, and is, in violation of the 8th Amendment of the U.S Constitution.

II

Since February 2008, Dr. Larry Dizman - Head of Psychiatrics at San Quentin Prison has shown an indifference to my serious health care needs, as he has failed to acknowledge receipt or act upon numerous requests I've submitted, to have a Mental Health Assessment, conducted to determine the degree of my reoccurring and severe bouts of depression. My requests were sent via Inmate Health Care Services Request Forms and Inmate Appeal Forms (602's) directly to his departmental staff, and with his full knowledge.

His omission to act has caused a prolonged escalation in the frequency and severity of my condition(s). Such indifference was, and is, in violation of the 8th Amendment of the U.S Constitution.

III

Since February 2008, Dr. E. Monthei - Head of Mental Health and Chief Psychologist at San Quentin Prison has shown an indifference to my serious health care needs, as he has failed to acknowledge receipt or act upon numerous requests I've submitted, to have a Mental Health Assessment conducted to determine the degree of my reoccurring and severe bouts of depression.

My requests were sent via Inmate Health Care Services Request Forms and Inmate Appeal Forms (602's) directly to his departmental staff, and with his full knowledge. His omission to act has caused a prolonged escalation in the frequency and severity of my condition(s). Such indifference was, and is, in violation of the 8th Amendment of the U.S Constitution.

IV

Since February 2008, Timothy Rougeux - (Acting) Health Care Receiver Manager at San Quentin Prison has shown an indifference to my serious health care needs as he has failed to act upon or pass along information and documentation [collectively or in part] that would have expedited my requests for Medical and Mental Health Care. My requests were sent via Inmate Health Care Services Request Forms and Inmate Appeal Forms (602's) directly to him to process for departmental staff.

His willful and blatant omission to act responsibly has caused a prolonged escalation in the frequency and severity of my condition(s) related to depression. Further, his willful and deliberate omission to appropriately, process my requests to review my medical history, and assess my medication needs, has caused discontinuance in medication that controls and eliminates seizure related episodes. Such indifference was, and is, in violation of the 8th Amendment of the U.S Constitution.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 11, 2008

*[signature]*
Paul Erias Stelly Sr.
Plaintiff In Pro. Per.

1. Informal appeal  I SOUGHT REVIEW ON THIS LEVEL, BUT RECEIVED NO ACKNOWLEDGEMENT OR REPLY.

2. First formal level  I SOUGHT REVIEW ON THIS LEVEL, AND WAS ASKED WHAT MY REQUEST WAS! I RESUBMITTED MY REQUEST, AND RECEIVED NO RESPONSE.

3. Second formal level  AT THIS LEVEL, MY REQUESTS THROUGH GRIEVANCE FORM 602 WAS STILL BEING IGNORED AFTER I APPEALED TO ALL MENTIONED PARTIES IN THIS COMPLAINT AND THEIR SUBORDINATES.

4. Third formal level  I APPEALED TO THIS LEVEL (AFTER NOT RECEIVING AN ANSWER TO ALL PRIOR GRIEVANCES).

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (X)   NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. _____

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

PAUL ERIAS STELLY SR. · F86444
SAN QUENTIN STATE PRISON
SAN QUENTIN, CALIFORNIA 94974

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

COMPLAINT                    -2-

## DECLARATION

On April 19, 2008, I honored a ducat summoning me to the office of C.C.1 - S.Roberts to retrieve paperwork that I had requested for filing with the court.

The particular document I needed to pick up was a Certificate of Funds in Prisoner's Account Form that was included in a 42 U.S.C. 1983 Packet. The Certificate of Funds in a Prisoner's Account Form is a document that aids the court in deciding if Filing Fees are eligible to be waived when filing suit in Federal Court.

C.C.1. Roberts insisted that I *show her* the contents of my Legal Claim, and allow *her* to mail my claim to the court of jurisdiction.

My contention is: That I have a right to present *my own* documents to the court unaided by California Department of Corrections staff; and that I have a *right to privacy* when filing *confidential correspondence esp.* that of a legal nature, that names persons employed by San Quentin State Prison staff, as Defendants or Respondents.

Further, C.C.1 Roberts' flagrant and repetitive efforts to scrutinize my Lawsuit against San Quentin State Prison employees, before providing the necessary document(s) to file my legal papers, leaves me no other choice, but use an alternative method to supply the court with my financial statement(s).

It is my hope therefore, that the papers I file, and that accompany my complaint against entities here at San Quentin State Prison will be accepted by the court and that Ms. Roberts behavior will not affect the filing or the waiver of court fees that I anticipate being uncomplicated, appropriate, and accommodating....Thank you.

Sincerely,

Paul Stelly – F86444, - Petitioner

**STATE OF CALIFORNIA**
**INMATE WORK SUPERVISOR'S TIME LOG**
CDC 1697 (5/92)

**DEPARTMENT OF CORRECTIONS**
DISTRIBUTION:
WHITE - WORK SUPERVISOR
YELLOW - INMATE

| CDC NUMBER | INMATE'S NAME | ETHNICITY | MONTH | YEAR |
|---|---|---|---|---|
| F86444 | Stelly | BLK | March | 2008 |

| JOB TITLE | POSITION NUMBER | PAY RATE (HOURLY) | REGULAR DAYS OFF | HOURS OF ASSIGNMENT | TIME CARD NUMBER |
|---|---|---|---|---|---|
| General Lib. Clerk | Lib 1.005 | | Su/M/H | | |

| SUPERVISOR'S NAME (PLEASE PRINT) | TITLE | SUPERVISOR'S SIGNATURE | DATE INITIATED |
|---|---|---|---|
| Tom Brobst | Sr. Librarian | | |

| DAY | | TIME IN | TIME OUT | TIME IN | TIME OUT | TOTAL HOURS | TYPE OF TIME | MIN MET | TIME KEEPER'S SIGNATURE | DAY | | TIME IN | TIME OUT | TIME IN | TIME OUT | TOTAL HOURS | TYPE OF TIME | MIN MET | TIME KEEPER'S SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 Sat | RDO/HOL | | | | | | | | | 17 Mo | RDO/HOL | | | | | R | | | |
| 2 Sun | RDO/HOL | | | | | | | | | 18 Tue | RDO/HOL | 0700 | 1500 | | | 7.5 | X | Y | m |
| 3 Mo | RDO/HOL | | | | | | | | | 19 Wed | RDO/HOL | 0700 | 1500 | | | 7.5 | X | Y | m |
| 4 Tue | RDO/HOL | | | | | | | | | 20 Thu | RDO/HOL | 0700 | 1500 | | | 7.5 | X | Y | m |
| 5 Wed | RDO/HOL | | | | | | | | | 21 Fri | RDO/HOL | 0700 | 1500 | | | 7.5 | X | Y | m |
| 6 Thu | RDO/HOL | | | | | | | | | 22 Sat | RDO/HOL | 0700 | 1500 | | | 7.5 | X | Y | m |
| 7 Fri | RDO/HOL | | | | | | | | | 23 Sun | RDO/HOL | | | | | R | | | |
| 8 Sat | RDO/HOL | | | | | | | | | 24 Mon | RDO/HOL | | | | | R | | | |
| 9 Sun | RDO/HOL | | | | | | | | | 25 Tue | RDO/HOL | 0700 | 1500 | | | 7.5 | X | Y | m |
| START DATE → 10 Mo | RDO/HOL | | | | | R | | | | 26 Wed | RDO/HOL | 1000 | 1400 | | | 4 | X | S | m |
| 11 Tue | RDO/HOL | 0700 | 1500 | | | 7.5 | X | | m | 27 Thu | RDO/HOL | 0700 | 1400 | | | 7 | X | Y | m |
| 12 Wed | RDO/HOL | 0700 | 1500 | | | 7.5 | X | | m | 28 Fri | RDO/HOL | | | | | — | | | |
| 13 Thu | RDO/HOL | 0700 | 1500 | | | 7.5 | X | | m | 29 Sat | RDO/HOL | 0700 | 1500 | | | 7.5 | X | Y | m |
| 14 Fri | RDO/HOL | | | | | S | | | | 30 Sun | RDO/HOL | | | | | R | | | |
| 15 Sat | RDO/HOL | 0700 | 1500 | | | 7.5 | X | | m | 31 Mo | RDO/HOL | | | | | R | | | |
| 16 Sun | RDO/HOL | | | | | R | | | | | | | | | | | | | |

| TOTAL DAYS MINIMUM MET | TOTAL X HOURS WORKED | X PAY RATE | – TOTAL PAY |
|---|---|---|---|
| | | | |

ENTER DATE(S) AND REASON(S) IF EXCEPTIONAL TIME (A,E, AND / OR S) USED :

$22.44 — I think what I've earned total.

93.5 hours worked

.24 — I think this is the hourly rate

| TRANSFERRED IN (DATE): | DMS # | TRANSFERRED OUT (DATE): | DMS # |
|---|---|---|---|
| | | | |

PAUL ERIAS STELLY SR. • F6C444
SAN QUENTIN STATE PRISON
SAN QUENTIN, CALIFORNIA
94974

"LEGAL MAIL"
PLEASE ACKNOWLEDGE RECEIPT

PRO SE

CLERK OF: THE UNITED STATES
DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF CALIFORNIA
P.O. BOX 36060 • UNITED STATES COURTHOUSE
450 GOLDEN GATE AVE.
SAN FRANCISCO, CALIFORNIA
94102

