IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL ERIAS STELLY, SR., | ) | No. C 08-01997 CW (PR) |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) ) | |
| DR. ELAINE TOOTELL, et al., | ) ) | |
| Defendants. | ) ) | |

INTRODUCTION

Plaintiff Paul Erias Stelly, Sr., a state prisoner incarcerated at San Quentin State Prison (SQSP), has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that prison officials at SQSP were deliberately indifferent to his medical needs. His motion for leave to proceed in forma pauperis has been granted.

Venue is proper in this district because the acts complained of occurred at SQSP, which is located in Marin County. 28 U.S.C. §§ 84(a), 1391(b).

BACKGROUND

Plaintiff states that he suffers from "reoccurring and severe bouts of depression" as well as "seizure related episodes." (Compl. at 3-5.) He alleges that Defendants were deliberately indifferent to his serious medical needs because he was deprived of psychiatric and medical treatment, beginning in February, 2008. (Id.)

Plaintiff alleges that the failure to provide him with psychiatric and medical treatment "caused prolonged escalation in the frequency and severity of [his] condition(s)." (Id.) Thus, Defendants' actions amounted to deliberate indifference to his serious medical needs. He names the following as Defendants: SQSP Chief Medical Officer Elaine Tootell; SQSP Head of Psychiatric Department Larry Dizman; SQSP Head of Mental Health and Chief Psychologist E. Monthei; and SQSP Acting Health Care Receiver Manager Timothy Rougeux. He seeks injunctive relief and monetary damages.

# DISCUSSION

I. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Id. at 2387.

An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even

if the prisoner fully exhausts while the suit is pending. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002); see <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

If the court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal without prejudice. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003). A prisoner's concession to non-exhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. <u>Id.</u> Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. See <u>id.</u>

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." <u>See</u> Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. <u>See</u> <u>id.</u> § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation (CDCR). <u>See</u> <u>id.</u> § 3084.5; <u>Barry v.</u>

3

Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the administrative remedies exhaustion requirement under § 1997e(a).  See id. at 1237-38.

Here, the deliberate indifference claims raised in Plaintiff's complaint appear not to have been exhausted through the administrative grievance procedure.  Plaintiff states that he filed inmate appeal forms or 602 appeals. (Compl. at 3-5.)  However, Plaintiff fails to specify whether he exhausted his available administrative remedies before he filed suit.  Because Plaintiff did not attach the Director's level decision, the Court is unable to determine if Plaintiff satisfied the administrative remedies exhaustion requirement by receiving the Director's level decision prior to filing his suit.  Therefore, it appears from the face of the complaint that Plaintiff has not exhausted his administrative remedies.

Accordingly, the complaint is DISMISSED with leave to amend.  Within thirty (30) days from the date of this Order, Plaintiff shall inform the Court whether he exhausted his administrative remedies with respect to the deliberate indifference claims in his complaint before he filed his suit.  If Plaintiff fails to comply with this Order, the action will be dismissed without prejudice.

II.  Named Defendants

Plaintiff must allege facts sufficient to show that Defendants' actions rise to the level of constitutional violations.  As mentioned above, he is attempting to hold Defendants Tootell, Dizman, Monthei and Rougeux liable for being deliberately indifferent to his serious medical needs; therefore, he must allege

4

facts showing what each defendant did that violated his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (sweeping conclusory allegations will not suffice; the plaintiff must instead set forth specific facts as to each individual defendant's actions which violated his or her rights).

Plaintiff seems to be alleging that the named Defendants are liable as supervisors. If so, he must allege that these Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Within thirty (30) days from the date of this Order, Plaintiff may file an amended complaint as set forth above,

5

clarifying the results of his complete exhaustion of administrative remedies and naming as Defendants those who personally participated in the alleged violation of his rights.  Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 08-1997 CW (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.  Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  He may not incorporate material from the original complaint by reference.  Plaintiff's failure to file an amended complaint will result in the dismissal of this action without prejudice for failure to exhaust administrative remedies.

    2.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the Court's Orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    3.   The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

    IT IS SO ORDERED.

DATED:  11/25/08

                            CLAUDIA WILKEN
                            United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PAUL E STELLY SR,

    Plaintiff,

v.

ELAINE TOOTELL et al,

    Defendant.

Case Number: CV08-01997 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul Erias Stelly F86444     w/CR form
San Quentin State Prison
San Quentin, CA 94974

Dated: November 25, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.08\Stelly1997.DWLA.frm     7