```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL ERIAS STELLY, SR.,        )   No. C 08-01997 CW (PR)
                               )
     Plaintiff,                )   ORDER REVIEWING AMENDED COMPLAINT
                               )   AND ORDERING SERVICE OF
     v.                        )   COGNIZABLE CLAIMS
                               )
DR. ELAINE TOOTELL, et al.,    )
                               )
     Defendants.               )
                               )
```

Plaintiff Paul Erias Stelly, Sr., a state prisoner, filed this civil rights complaint when he was housed at San Quentin State Prison (SQSP). He alleged that prison officials at SQSP were deliberately indifferent to his medical needs. On November 25, 2008, the Court issued an Order of Dismissal with Leave to Amend. On December 8, 2008, Plaintiff filed his amended complaint, which the Court now reviews to determine whether it states cognizable claims for relief.

DISCUSSION

In its November 25, 2008 Order, the Court indicated that, in his original complaint, Plaintiff alleged that Defendants were deliberately indifferent to his serious medical needs because he was deprived of psychiatric and medical treatment, beginning in February, 2008. The Court dismissed with leave to amend the deliberate indifference claim because: (1) Plaintiff failed to allege specifically how each named defendant actually and proximately caused the deprivation of a federally protected right. (Nov. 25, 2008 Order at 4-5 (citing Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988)).) Plaintiff named SQSP Chief Medical Officer

Elaine Tootell; SQSP Head of Psychiatric Department Larry Dizman; SQSP Head of Mental Health and Chief Psychologist E. Monthei; and SQSP Acting Health Care Receiver Manager Timothy Rougeux as Defendants; however, these Defendants were not linked specifically to the allegations in the body of the complaint.  The Court noted that Plaintiff seemed to be alleging that the named Defendants were liable as supervisors.  However, Plaintiff was warned that a supervisor generally is only liable for constitutional violations of his subordinates if the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  (Nov. 25, 2008 Order at 5 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).)  The Court instructed Plaintiff, in his amended complaint, to allege facts supporting his claim against each individual Defendant by listing the constitutional right that Defendant violated.  The Court also noted that Plaintiff had not shown that he had exhausted administrative remedies on his claims, which must be done prior to filing them in federal court.  The Court granted Plaintiff leave to amend to provide copies of denials of his appeals at the Director's level of review which would indicate administrative exhaustion.

On December 8, 2008, Plaintiff filed his amended complaint. Plaintiff contends he filed administrative appeals (grievances) on the issues in his amended complaint, which have never been answered.  It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).  If the allegations that his appeals have not been answered are true, however, it may be that administrative remedies are not "available" within the

2

meaning of the statute. Therefore, the Court concludes that, for the purposes of this preliminary review of Plaintiff's amended complaint, he has satisfactorily provided evidence showing that he could be excused from the exhaustion requirement because prison officials refused to process his appeals. This is an issue better resolved at a later stage of the case.

In his amended complaint, Plaintiff alleges that Defendants Tootell, Dizman, Monthei and Rougeux "kept [him] from going through various level[s] of appeal, and thereby exhausting my remedies by conventional means, after demonstrating an indifference to [his] serous medical and mental health needs." (Am. Compl. at 4.) Plaintiff further states:

> Each defendant failed to assess me, when obvious medical and mental health disorders were occurring and further failed to notify or designate mental and medical health subordinates to render assessments and treatment for prolonged period of times. In addition, each defendant may have known, or should have known that exhausting my remedies would be essential should I follow through with further legal action. Nevertheless each of these Defendants were in receipt of my inmate appeal forms (602's), my inmate request forms for medical care, or had knowledge of my repeated requests for medical and mental health care, but failed to act to prevent further delay in providing me medical and mental health care.

(Id.) Plaintiff specifically claims that: (1) Defendant Tootell failed to respond to his appeal or provide timely medical treatment for his "Temporal Lobe Epilepsy," or "Hepatitis C;" (2) Defendants Monthei and Dizman failed to respond to his appeal or provide timely psychiatric treatment for his depression; and (3) Defendant Rougeux failed to forward his appeal forms "to their appropriate entity" by "willfully postpon[ing] processing of [his] requests for an assessment or treatments for Medical and Mental Health Care."

3

1  (Id.)

2   A supervisor may be liable under section 1983 upon a showing
3  of (1) personal involvement in the constitutional deprivation or
4  (2) a sufficient causal connection between the supervisor's
5  wrongful conduct and the constitutional violation. Redman v.
6  County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc)
7  (citation omitted). As mentioned above, a supervisor therefore
8  generally "is only liable for constitutional violations of his
9  subordinates if the supervisor participated in or directed the
10 violations, or knew of the violations and failed to act to prevent
11 them." Taylor, 880 F.2d at 1045. An administrator may be liable
12 for deliberate indifference to a serious medical need, for
13 instance, if he or she fails to respond to a prisoner's request for
14 help. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).
15 "'Supervisory liability is imposed against a supervisory official
16 in his individual capacity for his own culpable action or inaction
17 in the training, supervision, or control of his subordinates, for
18 his acquiescence in the constitutional deprivations of which the
19 complaint is made, or for conduct that showed a reckless or callous
20 indifference to the rights of others.'" Preschooler II v. Davis,
21 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). Evidence
22 of a prisoner's letter to an administrator alerting him to a
23 constitutional violation is sufficient to generate a genuine issue
24 of material fact as to whether the administrator was aware of the
25 violation, even if he denies knowledge and there is no evidence the
26 letter was received. Jett, 439 F.3d at 1098. Evidence that a
27 prison supervisor was personally involved in an unconstitutional
28

4

transfer and denied all appeals of the transfer, for example, may suffice.  Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); see also Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998) (supervisor who signed internal affairs report dismissing complaint against officer despite evidence of officer's use of excessive force may be liable for damages).

Read liberally, the allegations in Plaintiff's amended complaint may state a deliberate indifference claim against Defendants Tootell, Dizman, Monthei and Rougeux who reviewed Plaintiff's appeals and did not remedy the constitutional violation.  Therefore, this claim may proceed against these Defendants.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff states a cognizable claim for deliberate indifference to his serious medical needs against Defendants Tootell, Dizman, Monthei and Rougeux.

2.   The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1), the amended complaint (docket no. 19) and all attachments thereto along with a copy of this Order to Chief Medical Officer Elaine Tootell, Head of Psychiatric Department Larry Dizman, Head of Mental Health and Chief Psychologist E. Monthei, and Acting Health Care Receiver Manager Timothy Rougeux at SQSP.  The Clerk shall also mail copies of these documents to the Attorney General of the State of California.  In addition, the Clerk shall serve a copy of this

5

Order on Plaintiff.

3.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if any Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, said Defendant will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

4.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

   a.  No later than <u>ninety (90) days</u> from the date of this Order, Defendants shall file a motion for summary judgment or other

6

dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice regarding summary judgment motions should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

<u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

7

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.    If Defendants wish to file a reply brief, they shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

      d.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6.    All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

8

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 7/7/09

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PAUL E STELLY SR,

        Plaintiff,

v.

ELAINE TOOTELL et al,

        Defendant.

Case Number: CV08-01997 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 7, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul Erias Stelly F86444
San Quentin State Prison
San Quentin, CA 94974

Dated: July 7, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.08\Stelly1997.service.frm      10